**IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
HELENA DIVISION**

HARLIN BROOKS
REG #26563-044                                                                                          PLAINTIFF

V.                                    2:07CV00156 JLH/JTR

LINDA SANDERS,
Warden, FCI-FC, et al.                                                                              DEFENDANTS

**ORDER**

On March 28, 2008, Defendants filed: (1) a Motion to Dismiss, or in the Alternative, Motion for Summary Judgment; (2) a Brief in Support; and (3) a Statement of Undisputed Facts. *See* docket entries #21, #22, and #23.   Plaintiff has filed a Response, but he has not filed a Statement of Disputed Facts. *See* docket entry #36.  Moreover, Plaintiff has not provided the Court with *any* evidence to support his claims.  Instead, he has merely referred, in total, to his voluminous and complete prison medical file that was filed, under seal, in the case of *Brooks v. Sanders*, 2:06CV00146.[1] *Id.*

The Court wishes to advise Plaintiff that, because Defendants have attached supporting documentation to their Motion, it will be treated as a Motion for Summary Judgment, rather than a Motion to Dismiss.  *See* docket entry Fed. R. Civ. P. 12(b) (providing that, if "matters outside of the pleadings are presented to and not excluded by the court, the motion shall be treated as one for summary judgment and disposed of as provided in Rule 56"); *Country Club Estates v. Town of Loma Linda*, 213 F.3d 1001, 1005 (8th Cir. 2000) (providing that the party opposing the motion must be placed on notice that it is being construed as a request for summary judgment so that the party will

---

[1] That case was dismissed, without prejudice, due to Plaintiff's failure to prosecute.

"understand that the burden will be on him to produce affidavits, not merely allegations in pleadings, to rebut what has become a motion for summary judgment").

Thus, pursuant to Local Rule 56.1, Plaintiff *must* file a Statement of Disputed Material Facts, which lists: (a) any disagreement he has with the specifically numbered factual assertions contained in Defendants' Statement of Undisputed Facts (docket entry #23); and (b) any other disputed facts that he believes must be resolved at a hearing or trial.[2]

Additionally, Plaintiff cannot rest upon mere allegations and, instead, must *meet proof with proof.*[3] *See* Fed. R. Civ. P. 56(e). This means that Plaintiff's Statement of Disputed Facts *must include* supporting evidence such as affidavits,[4] prison records, or other documents establishing that there is a genuine issue of material fact that must be resolved at a hearing or trial. Plaintiff *cannot* satisfy this obligation merely be referring to his entire, voluminous prison medical file. *See Crossley v. Georgia-Pacific, Corp.*, 335 F.3d 1112, 1113-14 (8th Cir. 2004) (affirming the grant of summary judgment because a plaintiff failed to properly refer to specific pages of the record that supported his position). Instead, Plaintiff must either provide the Court with a copy of the relevant portions

---

[2] Specifically, Defendants' Statement of Disputed Facts contains 83 separately numbered paragraphs containing assertions of allegedly undisputed fact. *See* docket entry #23. Plaintiff's Statement of Disputed Facts must contain 83 separately listed paragraphs that respond *directly* to each of Defendants' corresponding paragraphs. For instance, Plaintiff's paragraph 1 should state whether he agrees or disagrees (and why) with *only* the factual assertions contained in paragraph 1 of Defendants' Statement of Undisputed Facts. After Plaintiff has done so for *each* of Defendants' 83 separate paragraphs, Plaintiff may list (in separately numbered paragraphs starting with 84), any additional *disputed material facts* that he believes must be resolved at a hearing or trial.

[3] Plaintiff does not need to provide proof as to any facts that he agrees are undisputed. Rather, he need only supply proof to support his version of the *disputed facts*.

[4] The affidavit must be either: (1) sworn and subscribed to by a notary public; or (2) executed under penalty of perjury, as provided for by 28 U.S.C. § 1746.

of his medical record or specifically refer to the relevant portions by heading, date, and other identifying information.

    IT IS THEREFORE ORDERED THAT:

    1.    Plaintiff shall file, **within thirty days of the entry of this Order,** as Statement of Disputed Facts that complies with the instructions set forth herein.

    2.    Plaintiff is advised that, if he fails to do so, all of the facts set forth in Defendants' summary judgment papers will be deemed admitted by Plaintiff, pursuant to Local Rule 56.1(c).

    Dated this 14th day of July, 2008.

                                                                                    UNITED STATES MAGISTRATE JUDGE